FILED
NOV 10 2026 D/I
U.S. DISTRICT COURT
INDIANAPOLIS, INDIANA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 1:26-cr-196-JPH-MG |
| | ) Cause No. | |
| v. | ) | |
| | ) | |
| SHAWN JONES, | ) | -01 |
| JAMES PHILLIPS, | ) | -02 |
| | ) | |
| Defendants. | ) | |

# **INDICTMENT**

The Grand Jury charges that:

## Background

1. A machinegun conversion device is a small device that, when properly installed on a semiautomatic firearm, will convert said firearm to a fully automatic machinegun. Installation of these devices is fast and simple and requires no technical expertise. These devices are referred to by different names, including, but not limited to, auto sears, pistol slide conversion devices, switches, conversion switches, selector switches, Glock switches, buttons, fun switches, and Invisi-Switches.

2. A machinegun is any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term machinegun also

includes any part designed and intended solely and exclusively for use in converting a firearm into a machinegun.

3. A machinegun conversion device, whether or not it is installed in a firearm, is a machinegun under federal law.

**COUNT ONE**
**Conspiracy to Unlawfully Engage in the Business of Dealing Firearms**
**18 U.S.C. §§ 371 and 922(a)(1)(A)**

From no later than Spring 2026 through November 9, 2026, the exact dates being unknown to the grand jury, in the Southern District of Indiana, defendants SHAWN JONES and JAMES PHILLIPS, together and with persons whose identities are unknown to the Grand Jury, did knowingly conspire to commit offenses against the United States, that is, engage in the unlawful dealing of firearms without being licensed dealers.

OVERT ACTS

1. In October 2026, SHAWN JONES sold multiple firearms to JAMES PHILLIPS in Indianapolis, Indiana.

2. On or about October 21, 2026, JAMES PHILLIPS sold multiple firearms to individuals known to the grand jury in Indianapolis, Indiana.

3. On or about October 29, 2026, JAMES PHILLIPS sold multiple firearms to individuals known to the grand jury in Indianapolis, Indiana.

All in violation of Title 18 U.S.C. §§ 371 and 922(a)(1)(A).

**COUNT TWO**
**Possession of a Machinegun**
**18 U.S.C. § 922(o)**

On or about October 21, 2026, in the Southern District of Indiana, Indianapolis Division, the defendant, JAMES PHILLIPS, did knowingly possess a machinegun, that is, a Glock Model 19 pistol with Glock switch affixed, and/or an Anderson Manufacturing Model AM-15 rifle with auto sear affixed;

In violation of Title 18, United States Code, Section 922(o).

**COUNT THREE**
**Possession of a Machinegun**
**18 U.S.C. § 922(o)**

On or about October 29, 2026, in the Southern District of Indiana, Indianapolis Division, the defendant, JAMES PHILLIPS, did knowingly possess a machinegun, that is, a part designed and intended solely and exclusively for use in converting a weapon into a machinegun, to wit: a machinegun conversion device auto sear; a machinegun conversion device auto sear; and/or a machinegun conversion device Glock switch,

In violation of Title 18, United States Code, Section 922(o).

**COUNT FOUR**
**Possession of a Machinegun**
**18 U.S.C. § 922(o)**

On or about November 9, 2026, in the Southern District of Indiana, Indianapolis Division, the defendant, JAMES PHILLIPS, did knowingly possess a machinegun, that is, a part designed and intended solely and exclusively for use

in converting a weapon into a machinegun, to wit: approximately eleven machinegun conversion device auto sears; and/or approximately twenty-two machinegun conversion device Glock switches;

In violation of Title 18, United States Code, Section 922(o).

**COUNT FIVE**
**Possession of a Machinegun**
**18 U.S.C. § 922(o)**

On or about November 9, 2026, in the Southern District of Indiana, Indianapolis Division, the defendant, SHAWN JONES, did knowingly possess a machinegun, that is, a part designed and intended solely and exclusively for use in converting a weapon into a machinegun, to wit: approximately three machinegun conversion device auto sears; and/or approximately twenty-four machinegun conversion device Glock switches;

In violation of Title 18, United States Code, Section 922(o).

**FORFEITURE**

1. The allegations contained in Counts One through Five of this Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1) and 924(d)(1), and Title 28, United States Code, Section 2461.

2. Pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), and 924(d)(1), and Title 28, United States Code, Section 2461, upon conviction of the offenses in violation of Title 18, United States Code, Sections 371 and Title 18, United States Code, Sections 924(n), defendants SHAWN JONES and JAMES PHILLIPS shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1) and 924(d)(1), and Title 28, United States Code, Section 2461, any property, real or personal, constituting, or derived from, any proceeds traceable to the violations charged herein; and any property involved in or used in the violations charged herein.

3. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the existence of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL:

[redacted]

FOREPERSON

THOMAS E. WHEELER II
United States Attorney

By: M. P. Brady
Michelle P. Brady
Assistant United States Attorney